IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SUSAN KAYTLIN SCOTT,<br><br>Defendant. | Cause No. CR 19-69-GF-BMM<br><br>ORDER DENYING DEFENDANT'S SECOND MOTION FOR RELEASE PENDING APPEAL |

A jury convicted Defendant Susan Kaytlin Scott ("Scott") of false statement during a firearms transaction and transfer of a handgun to a juvenile. (Doc. 63.) The Court sentenced Scott to a below-guideline sentence of six months imprisonment on each count, concurrent, with no term of supervision to follow. (Doc. 80.) The Court permitted Scott to self-report. (Doc. 79.) Scott filed a Motion for Release Pending Appeal on June 17, 2020. (Doc. 83.) The Government opposed Scott's Motion. (Doc. 88.)

The Court denied without prejudice Scott's Motion on July 7, 2020. (Doc. 90.) The Court noted that Scott met some of the criteria for release pending appeal, but that she had not raised a substantial question that is fairly debatable under 18 U.S.C. § 3143(b). (*Id.* at 2-5.) The Court expressed its willingness to entertain

1

another motion for release pending appeal if Scott could articulate more specific arguments regarding the merits of the questions she raises on appeal. (*Id.* at 5.) Scott surrendered to the Bureau of Prisons at FCI Waseca on July 7, 2020. (Doc. 94 at 2.) She remains in custody there. (*Id.*) Scott has filed a Second Motion for Release Pending Appeal. (Doc. 93.) She asserts that she now meets the burden of proof under 18 U.S.C. § 3143(b) by raising a substantial question that is fairly debatable. (Doc. 94 at 2.)

    The Court may release a defendant pending appeal if the Court finds that the person is not likely to flee or pose a danger to the safety of any other person or the community if released, and if the appeal is not for the purpose of delay, and raises a substantial question of law or fact likely to result in reversal of conviction or an order for a new trial. 18 U.S.C. § 3143(b)(1). The Court must find that four factors exist to grant bail pending appeal. *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1988). First, that the defendant is not likely to flee or pose a danger to the safety of any other person in the community if released. Second, that the appeal is not for the purpose of delay. Third, that the appeal raises a substantial question of law or fact. *Id.* Fourth and finally, the Court must find that if the appellate court sides favorably with the defendant, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed. *Id.* The word "substantial" defines the level of merit required in the question raised on

appeal, and the phrase "likely to result in reversal" defines the type of question that must be presented. *Id.* at 1280. A "substantial question" involves one that remains "fairly debatable" or "one of more substance than would be necessary to a finding that it was not frivolous." *Id.* at 1283.

The Court already has made the requisite finding that Scott is not likely to flee or pose a danger to the safety of any other person or the community if released. (Doc. 90 at 3 (citing 18 U.S.C. § 3143(b)(1)(A)).) The Government acknowledges that no evidence exists that Scott pursues the appeal for the purpose of delay, and the Court agrees. (*See* Doc. 96 at 3 (citing the second factor in *Handy*, 761 F.2d at 1283).) As the moving party, Scott possesses the burden to demonstrate that the appeal raises a substantial question of law or fact and that, if the question is determined favorably to Scott on appeal, that decision likely would result in reversal or an order for a new trial of all counts on which the Court imposed imprisonment. *See Handy*, 761 F.2d at 1283 (discussing factors three and four).

Scott identifies four issues that she argues raise a substantial question of law or fact likely to result in reversal of conviction or an order for a new trial. (Doc. 94 at 2-10.) Scott contends first that the prosecutor made a material misstatement about facts not in evidence during closing arguments. (*Id.* at 2.) Second, Scott asserts that the prosecutor improperly opined on Scott's credibility, and thereby

3

improperly invaded the province of the jury. (*Id.* at 6.) Scott argues third that the unavailability of a material witness, Anthony Ray, deprived her of a fair trial. (*Id.* at 7.) Fourth, Scott contends that the Court improperly permitted Sam Harris, Anthony Ray's former attorney, to testify against Scott. (*Id.* at 9.)

Scott, as the moving party, possesses the burden of demonstrating that the case presents a "fairly debatable" issue on appeal. *United States v. Montoya*, 908 F.2d 450 (1990). The Court will address each of the issues that Scott raises in turn.

1. **STATED FACTS IN THE GOVERNMENT'S CLOSING ARGUMENT**

The prosecutor stated during her closing argument that, "Kayla Peterson told you [Anthony Ray] had [the handgun] as soon as he returned from Shelby." (Trial Transcript, Vol. III, p. 325.) Scott argues that the prosecutor misstated Peterson's testimony, which was that she saw the gun some time after Ray and Scott returned from Great Falls. (Doc. 94 at 4.) Scott asserts that the prosecutor's misstatement constitutes a material misstatement about facts not in evidence, bearing directly upon an essential element of Count II of the Indictment. (*Id.* at 3.) Scott views this statement as prejudicing her to the extent that warrants a new trial. (*Id.* at 2-6.)

Scott's trial counsel did not object to the prosecutor's statement at trial. The Ninth Circuit reviews a prosecutor's comments for plain error when defense counsel fails to object, and will correct a statement only when it proves particularly egregious. *United States v. Kessi*, 868 F.2d 1097, 1107 (9th Cir. 1989). Review is

4

limited to errors that seriously affect the fairness, integrity, or public reputation of judicial proceedings and will seldom be found as plain error when evidence against the defendant is so strong that the absence of the prosecutor's conduct would not have changed the verdict. *Id.*

Although a prosecutor cannot base arguments on evidence not in the record, she does have the freedom to argue reasonable inferences drawn from the evidence. *United States v. Gray*, 876 F.2d 1411, 1417 (9th Cir. 1989). In this case, Kayla Peterson could not recall whether she was at home when Ray came back with the gun, but she did testify that Ray possessed the gun from November to December 2018, that she saw it at least once a day, and that he obtained the gun from Scott. The Government provided plenty of additional evidence at trial regarding how Anthony Ray came to have the handgun. This evidence included testimony from Sam Harris, Toole County Sergeant Jeffrey Robins, and juvenile A.F. (Trial Transcript, Vol. I at 63-65, 77, 94.)

The prosecutor's statement that, "Kayla Peterson told you [Anthony Ray] had [the handgun] as soon as he returned from Shelby," proves to be—at most—a slight, inadvertent misstatement about the timeline in Peterson's testimony. Defense counsel did not object at trial and the error is not "particularly egregious." *See Kessi*, 868 F.2d at 1107. Scott has not demonstrated that the prosecutor's statement about Kayla Peterson's testimony during her closing argument presents a

5

"fairly debatable" issue on appeal. *See Montoya*, 908 F.2d at 450-51.

## 2. THE PROSECUTOR'S ALLEGED COMMENT ON SCOTT'S CREDIBILITY

The prosecutor stated during her closing argument that, "Susan Scott is on trial for lying. That's why we're here." (Trial Transcript, Vol. III, p. 325.) Scott argues that this statement constitutes prosecutorial misconduct. (Doc. 94 at 6.) Scott argues that it is for the jury, not counsel, to say which witnesses are telling the truth. (*Id.* (citing *United States v. Brown*, 508 F.3d 1066, 1075 (D.C. Cir. 2007).) Scott's trial counsel did not object to the prosecutor's statements at trial, so the Ninth Circuit will review the statements for plain error. *United States v. Molina*, 934 F.2d 1440, 1444-45 (9th Cir. 1991).

As a general rule, a prosecutor may not express her opinion of the defendant's guilt or her belief in the credibility of government witnesses. *Molina*, 934 F.2d at 1444. A prosecutor may express reasonable inferences from the evidence, however, including an inference that one of the parties may be lying. *United States v. Laurins*, 857 F.2d 529, 539-540 (9th Cir. 1988). The Ninth Circuit determined in *Laurins*, 857 F.2d at 539-40, that the jury could have construed the prosecutor's statement as a permissible comment on the evidence based on a reasonable inference to be drawn: "I think that after listening to all the evidence the defendant has lied to you consistently throughout. His entire testimony is one big lie and falsity." Thus, the statement did not constitute plain error. *Id.*

The prosecutor's comment that "Susan Scott is on trial for lying. That's why we're here," did not comment directly on Scott's credibility. The comment more reflects on the nature of the alleged offense. The Indictment charged Scott with False Statement During a Firearms Transaction. (Doc. 2.) The prosecutor acted appropriately when she stated that Scott was "on trial for lying." The Ninth Circuit is unlikely to find that the Prosecutor's statement regarding the nature of Scott's offense constitutes plain error on appeal. Scott has not demonstrated that this issue presents a "fairly debatable" issue on appeal. *See Montoya*, 908 F.2d at 450-51.

3. **ANTHONY RAY'S AVAILABILITY AT TRAIL**

Scott asserts that she was denied a fair trial because a "material witness," Anthony Ray, was unavailable at trial. (Doc. 94 at 7.) This case was originally set for trial on December 9, 2019. (Doc. 11.) The Government moved for a continuance on November 27, 2019. (Doc. 27.) One of the reasons the Government sought the continuance was because Anthony Ray, "an essential witness for the government's case," was unavailable because his own state court case involving a shooting with the handgun at issue in this case was still pending. (Doc. 27.) Ultimately, Ray remained unavailable and the Government opted to proceed to trial without his testimony. (*See* Doc. 94 at 8.)

Scott argues that the Court should have continued her trial until after Ray's state court case so that she could call Ray as a witness at trial. (Doc. 94 at 8.) The

Government responds that the record does not support Scott's argument. (Doc. 96 at 10.) The Court agrees. Scott did not represent to the Court, before or at trial, that one of her essential material witnesses was not available due to pending state charges. Quite to the contrary, the *Government* reported that Ray was one of *its* "essential witness[es]." (Doc. 27 at 2.)

When the parties discussed Ray's potential testimony at trial, Scott's trial counsel conveyed no interest in calling Ray as a witness. (*See* Trial Transcript, Vol. I at 7.) Instead, counsel's concern was that Ray would need an independent lawyer if the Government called him to testify. (*Id.* ("[M]y issue is that if he is going to be called, he needs a lawyer. We have a panel lawyer ready to talk to him. He needs independent advice since the state case i[s] still pending.").) Scott's assertion now that the Court denied her a fair trial because Ray was unavailable does not present a substantial question for direct appeal that warrants release under 18 U.S.C. § 3143.

### 4. SAM HARRIS'S TESTIMONY

Scott argues that it was improper for the Court to allow Ray's former attorney, Sam Harris, to testify against Scott at her trial. (Doc. 94 at 9.) She asserts that, because Harris represented Ray, who was a minor, any communication between Harris, Ray, and Scott relating to the representation of Ray was privileged pursuant to Rule 1.6 of the Model Rules of Professional Conduct. (*Id.* at 9-10.)

8

The record reflects no evidence of Harris having concerns about Ray's competency or that Harris ever sought assistance from Scott while he was representing Ray. Harris clearly warned Scott that he only represented Ray, not Scott. (Trial Transcript, Vol. I at 78.) Harris testified at Scott's trial that he "make[s] it clear that confidentiality is important and is breached if other people are present, then those facts and circumstances that we discuss may be used against that person . . . ." (*Id.* at 76.) Despite these warnings, Scott insisted on being present for Harris's meetings with Ray and on talking with Harris about Ray's case. Scott's trial counsel did not object to Harris's testimony at trial. Scott has not demonstrated that Harris's testimony at Scott's trial presents a "fairly debatable" issue on appeal. *See Montoya*, 908 F.2d at 450-51.

None of the issues that Scott raises advance substantial questions that are fairly debatable under 18 U.S.C. § 3143(b). Accordingly, **IT IS HEREBY ORDERED** that Scott's Second Motion for Release Pending Appeal (Doc. 93) is **DENIED**.

DATED this 20th day of August, 2020.

Brian Morris, Chief District Judge
United States District Court