IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 19-069-GF-BMM |
| Plaintiff/Respondent, | CV 21-129-GF-BMM |
| vs. | ORDER DISMISSING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| SUSAN KAYTLIN SCOTT, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Susan Kaytlin Scott's motion to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255.

A jury found Scott guilty of making a false statement during a firearms transaction and transferring a handgun to a juvenile. The Court sentenced her to serve six months in the custody of the Bureau of Prison with no term of supervised release to follow. *See* Judgment (Doc. 80) at 1–2.

Scott was released from custody on January 5, 2021. *See* https://www.bop.gov/inmateloc (accessed Dec. 28, 2021). She filed her § 2255 motion on December 27, 2021.

To file a motion under § 2255 or a petition for writ of habeas corpus under 28 U.S.C. § 2241, a person must be "in custody." 28 U.S.C. §§ 2241(c)(3),

1

2255(a). Scott fully discharged her sentence when the Bureau of Prisons released her. "Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also, e.g.*, *Alaska v. Wright*, __ U.S. __, 141 S. Ct. 1467, 1468 (2021); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Because Scott is not "in custody" pursuant to her conviction in this case, her § 2255 motion must be dismissed for lack of jurisdiction.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). But when a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the procedural ruling is beyond reasonable dispute. A COA is not warranted.

Accordingly, IT IS ORDERED:

1. Scott's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 103) is DISMISSED for lack of jurisdiction.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Scott files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 21-129-GF-BMM are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this 29th day of December, 2021.

_____
Brian Morris, Chief District Judge
United States District Court